NOT DESIGNATED FOR PUBLICATION

No. 127,910

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA MATTHEW MORITZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Submitted without oral argument. Opinion filed October 24, 2025. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and CLINE, JJ.

CLINE, J.: This appeal involves yet another jail time credit determination. Joshua Matthew Moritz was in prison for crimes committed in another case when he was charged with the commission of new crimes. He remained imprisoned for his sentence in the other case while this case was pending disposition. Moritz appeals the district court's decision that he was not entitled to jail time credit in this case for the time he continued to be imprisoned in his other case.

FACTUAL AND PROCEDURAL BACKGROUND

In 2022, Moritz was sentenced to probation in case number 20-CR-589. After several probation violations, the district court ultimately revoked Moritz' probation and imposed an 18-month prison sentence on October 6, 2023. On December 19, 2023, while Moritz was serving his sentence in case number 20-CR-589, the State charged him with new crimes that he committed on May 19, 2023, while he had been on probation. This is the case on appeal.

Moritz remained imprisoned for his sentence in case number 20-CR-589 while this case was pending disposition. He eventually pled no contest to some of the new crimes. The district court sentenced Moritz to 44 months in prison for these new crimes and ran the sentence consecutive to case 20-CR-589 and any other prior cases. Moritz requested jail time credit from the date he was charged with the new crimes (December 19, 2023) through the date he was sentenced for commission of those new crimes (June 21, 2024). The district court denied his request, which is the decision Moritz timely appeals.

REVIEW OF MORITZ' APPELLATE CHALLENGE

As in *State v. Martin*, 66 Kan. App. 2d ___, 2025 WL 2737152, at *1 (2025), the sole issue presented to us is whether Moritz is entitled to credit in this case for the time he continued to be incarcerated—serving a sentence in a prior criminal case—while this case was pending. Moritz claims that under our Supreme Court's interpretation of K.S.A. 2022 Supp. 21-6615(a), in *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023), he is entitled to jail time credit in this case for time he was incarcerated in his other case. He also contends he is entitled to jail time credit because the Kansas Supreme Court permitted an award of multiple jail time credits where a defendant is held in two separate cases in *State v. Ervin*, 320 Kan. 287, 308, 311-12, 566 P.3d 481 (2025).

2

Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022).

In general, the time when a defendant commits the crime will determine which version of the criminal statute applies. See *State v. McLinn*, 307 Kan. 307, 337, 409 P.3d 1 (2018). Kansas appellate courts have found that "'the fundamental rule for sentencing is that the person convicted of a crime is sentenced in accordance with the sentencing provisions in effect at the time the crime was committed.'" 307 Kan. at 337 (quoting *State v. Overton*, 279 Kan. 547, 561, 112 P.3d 244 [2005]). Because Moritz committed his crimes on May 19, 2023, the jail time credit statute that applies to him is K.S.A. 2022 Supp. 21-6615. See *State v. Mitchell*, 66 Kan. App. 2d ___, 2025 WL 2810400, at *7 (2025).

It states, in relevant part:

"(a) In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case. In recording the commencing date of such sentence the date as specifically set forth by the court shall be used as the date of sentence and all good time allowances as are authorized by the secretary of corrections are to be allowed on such sentence from such date as though the defendant were actually incarcerated in any of the institutions of the state correctional system." K.S.A. 2022 Supp. 21-6615(a).

This version of the statute was interpreted by the Kansas Supreme Court in *Hopkins*. And Moritz is correct that, in *Hopkins*, the court found that defendants are entitled to jail time credit against their sentence for all the time spent incarcerated while

3

their case is pending disposition. 317 Kan. at 657. And it also held "the award of credit under K.S.A. 2022 Supp. 21-6615(a) is not limited to time spent 'solely' in custody for the charge for which the defendant is being sentenced." 317 Kan. at 652. And in *Ervin*, the court interpreted K.S.A. 21-6615(a) to compel an award of one day of jail credit for "each day that [a defendant] was incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12.

That said, we find Moritz' case is distinguishable from *Hopkins* and *Ervin.* The defendants in *Hopkins* and *Ervin* were not serving sentences for prior crimes like Moritz was. Instead, the defendants in those cases were being held on separate pending charges while awaiting disposition of the cases that were the subject of their appeals. *Ervin*, 320 Kan. at 305, 311-12; *Hopkins*, 317 Kan. at 653, 655. We find Moritz' case more like the situation presented in *Martin*. As in *Martin*, Moritz' incarceration for which he seeks jail time credit did not stem from the commission of his new crimes. Instead, he was serving an ongoing prison sentence arising out of an unrelated prior conviction when he was charged with commission of the crimes that are the subject of this appeal. We decline to expand the holdings in *Hopkins* or *Ervin* to these facts and, instead, find that they are controlled by *Martin*.

Just like *Martin*, we find Moritz merely continued to serve his prison sentence arising out of another case while he was awaiting disposition of this new case. Based on the plain language of K.S.A. 2022 Supp. 21-6615(a), we conclude that the district court did not err by failing to award credit to Moritz for the time he spent serving his preexisting prison sentence while this case was pending. See *Martin*, 2025 WL 2737152, at *3.

Affirmed.

4